**UNITED STATES OF AMERICA,
Plaintiff—Appellee,**

v.

**Dennis BONILLA–GUZMAN,
Defendant—Appellant.**

**No. 03–30369.**

**D.C. No. CR–03–00093–RSL.**

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Sept. 13, 2004.*

Decided Oct. 6, 2004.

J. Tate London, Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Kenneth W. Sharaga, Seattle, WA, for Defendant–Appellant.

Before PREGERSON, HAWKINS, and GRABER, Circuit Judges.

## MEMORANDUM**

Dennis Bonilla–Guzman appeals his 70–month sentence imposed after his guilty-plea conviction for conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a), (b)(1)(B), and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Bonilla–Guzman contends that this case should be remanded for re-sentencing because the record is unclear as to whether the district court understood its authority to grant a downward departure based on appellant's status as a deportable alien.

We disagree. The record indicates that the district court understood its discretion to depart on that basis, but declined to do so. We lack jurisdiction to review the discretionary denial of a downward departure. *United States v. Berger,* 103 F.3d 67, 70 (9th Cir.1996).

■ Bonilla–Guzman also contends that the district court clearly erred by denying a "safety valve" reduction under U.S.S.G. § 5C1.2, when it found he was not entirely truthful in providing information to the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

government. We review for clear error a district court's factual determination of whether a defendant is eligible for "safety valve" relief. *United States v. Ajugwo*, 82 F.3d 925, 929 (9th Cir.1996). Because the record supports a finding that Bonilla–Guzman provided conflicting information and minimized the extent of his role in the offense, we conclude the district court did not clearly err in making this determination. *See id.*

Bonilla–Guzman also asserts that the district court plainly erred by failing to sua sponte conduct an evidentiary hearing regarding the application of the "safety valve." While we normally review the denial of an evidentiary hearing for abuse of discretion, we review for plain error where defendant fails to requests an evidentiary hearing. *United States v. Berry*, 258 F.3d 971, 976 (9th Cir.2001). Because the court had enough information before it to make a reasoned decision, we conclude there was no plain error. *See United States v. Real–Hernandez*, 90 F.3d 356, 362 (9th Cir.1996) (explaining that there is "no general right to an evidentiary hearing at sentencing" and that such hearings are discretionary, not mandatory).

**AFFIRMED.**